Walker, J. An action of forcible entry and detainer was instituted by Brinkley against Mooney, in the Clark circuit court, for the possession of a lot of land. It appears, from the record, that the sheriff, in executing- the writ, also took into his possession certain goods and chattels of the defendant, and, when he delivered to the plaintiff possession of the land, delivered to him the goods so taken. At the return term of the writ, the defendant demurred to the declaration; the plaintiff conceded the demurrer, and asked leave to amend: the court granted him such leave upon condition that he would restore to the defendant the goods so placed in his possession: the plaintiff prepared and tendered an amended declaration in apt time, but declined to comply with the terms imposed by the court: whereupon, the court refused to permit him to file his amended declaration, and gave judgment against him upon the demurrer to the original declaration, and dismissed his suit with costs. The third assignment of errors presents the only material question to be determined, which is, “that said circuit.court erred in refusing to permit said plaintiff to file an amended declaration.” Our statute of amendments is designed to afford to litigants an opportunity to correct any errors or imperfections which may arise in the pleadings from the commencement of the suit to final judgment, for the furtherance of justice, on such terms as may be just. (Digest, sec. 113,p. 814.) This right to amend is to be exercised under the sound discretion of the court: 1st, as to the nature of the amendment to be made, as that it shall conform to the nature of the action brought: 2d, that it shall be made in apt time, so as not to surprise the adverse party, or delay the suit, or multiply costs; in such cases the court should grant the amendment upon terms of time to respond or payment of costs: 3d, amendments are sometimes refused where, after repeated amendments allowed, the party still presents an insufficient pleading; here, terms of costs may be imposed; or, where it is persisted in until it amounts to an abuse of the privilege, may be absolutely refused: 4th, amendments are also sometimes refused where, after issue joined and a continuance had, the party seeks to interpose a defence not favored in law, such as limitation, usury, &c., which do not tend to the furtherance of justice. But, where an amendment is offered in due time, it should be allowed' as of course, and without terms. The imposing of terms presupposes the party to rest under neglect, or inattention to his rights. In the case before us, the plaintiff had a right to his amendment without terms. The circuit court had nothing whatever to do with the personal property. The sheriff had no power to take it under his writ, and was responsible over to the party injured. It was not a case, as counsel seem to suppose, where, by mistake, property, not the defendant’s, had been taken. But, even if the doctrine could be made to extend that far, which is by no means admitted, .the condition here imposed was, that the plaintiff should deliver over property which he held as was alleged, and not the sheriff. We are clearly of opinion that the terms were such as the plaintiff was not bound to submit to, and that he should have been allowed to file his amended declaration. As regards the leave given the sheriff to amend his return, there was no error. The sheriff will always be allowed to amend his return (before suit brought for a false return) so as to make it conform to the truth of the case, for the correctness of which he is responsible. The judgment of the circuit court must, for the error aforbr said, be reversed, and the cause remanded, with directions that the plaintiff have leave to file his amended declaration, that the case may progress to final hearing.